# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SMITH DE VERA PULIDO and JENNIFER GAMBLE<br><br>STATE OF GEORGIA ex re. SMITH DE VERA PULIDO and JENNIFER GAMBE<br><br>Plaintiffs,<br><br>v.<br><br>HEALTH ASSOCIATES OF GEORGIA, INC. D/B/A BETHLEHEM FAMILY HEALTHCARE; and MARIA CLARISSA LORETE VISITACION<br><br>Defendants. | CIVIL ACTION NUMBER:<br>2:21-cv-186-SCJ |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This matter was brought by two private whistleblowers under the *qui tam* provisions of the federal False Claims Act (18 U.S.C. § 3729, *et seq.*) ("FCA") and the Georgia False Medicaid Claims Act (Ga. Code Ann. §§49-4-168.1 *et seq.*) ("GFMCA"). Because the *qui tam* provisions of the federal statute violate the Constitution's Appointment Clause, this case should be dismissed[1].

---

[1] The Relators allege the Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and (b) and 28 U.S.C. §§ 1331, 1345. [Doc. 36 ¶3]. Accordingly,

1

As with all actions brought under the FCA and GFMCA, the United States and State of Georgia were served with a copy of the plaintiffs' sealed *qui tam* complaint and given the opportunity to investigate and decide whether or not to "intervene" in the action. After an investigation, both the United States and the State of Georgia declined to intervene.

Under both the FCA and GFMCA, in situations like this—where the government declines to intervene—a relator is typically permitted to pursue the action on behalf of the government, notwithstanding the government's declination. That is what happened here. However, because the *qui tam* provisions of the federal FCA are unconstitutional, this matter must be dismissed in its entirety.

In support of this motion for judgment on the pleadings, defendants Health Associates of Georgia and Dr. Maria Visitacion show the Court as follows.

## STANDARD OF REVIEW

Pursuant to Federal Rule Civil Procedure 12(c), "[j]udgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). A party does not waive an Article II challenge by failing

---

absent the federal claims, the Court lacks jurisdiction over this matter. When "[…] all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

2

to assert it as an affirmative defense in its response to pleadings. "[I]f a plaintiff receives notice of an affirmative defense by some means other than pleadings, [a party's] failure to comply with Rule 8(c) does not cause the plaintiff any prejudice." *Grant v. Preferred Rsch., Inc.,* 885 F.2d 795, 797 (11th Cir. 1989). And Rule 12(c) specifically allows a party to move for judgment on the pleadings "after pleadings are closed but early enough not to delay trial." A party is not prejudiced by a motion "that is purely legal and does not require either side to present additional facts or arguments to a jury." *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, No. 8:19-CV-01236-KKM-SPF, 2024 WL 4349242, at *5 (M.D. Fla. Sept. 30, 2024).

## **ARGUMENT**

Pursuant to the Appointments Clause of the United States Constitution, an "Officer of the United States" must be nominated by the President, subject to advice and consent of the United States Senate. U.S. Const. art. II, § 2, cl. 2. Because a *qui tam* relator holds the power to act on behalf of the United States, such a person is, by definition, an "Officer of the United States," subject to the procedure laid out in the Appointments Clause. Because the Relators in this case—like all relators—were not appointed pursuant to this constitutionally-mandated procedure, the FCA's *qui tam* provisions are unconstitutional, and the case must be dismissed in its entirety.

The Supreme Court has provided a two-step framework for assessing whether an individual is an "Officer of the United States." "To qualify as an officer, rather

than an employee, an individual must occupy a *continuing* position established by law and must *exercis[e] significant authority* pursuant to the laws of the United States." *Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044, 2047 (2018) (cleaned up, internal citations omitted) (emphasis added). "[A]ny appointee exercising significant authority pursuant to the laws of the United States is an 'Officer of the United States,' and must, therefore, be appointed in the manner prescribed by s 2, cl. 2, of that Article." *Buckley v. Valeo*, 424 U.S. 1, 126 (1976). Similarly, appointment is required when an individual occupies a continuing position established by law. *United States v. Germaine*, 99 U.S. 508, 511–12 (1878).

FCA *qui tam* relators undoubtedly exercise significant authority as they are allowed to bring legal actions and pursue them, for years, on behalf of the United States against individual entities or people that they deem culpable. They are not, however, appointed pursuant to the constitutionally-mandated procedure set forth in Article II. As Justice Thomas has highlighted in a recent dissenting opinion (which two other Justices joined on this specific issue), "[t]he *qui tam* device is inconsistent with Article II and […] private relators may not represent the interests of the United States in litigation." *United States, ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 449, (2023) (Thomas, J., dissenting).

### a. FCA Relators exercise significant authority pursuant to the laws of the United States.

Similar to the role of a United States Attorney, the Relators have brought this

action on behalf of the United States and allege that Defendants violated the FCA and the GFMCA. Relators have pursued this matter for over three years, even after both the DOJ and the GMFCU declined to intervene. The authority wielded by the Relators, in light of their self-appointment pursuant to the *qui tam* provisions of the FCA, is significant.

Recently, a federal district court judge in Florida decided this same issue and held that the FCA's *qui tam* provisions are unconstitutional. In *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC,* the relator brought an FCA *qui tam* action against a healthcare provider for allegedly violating the FCA by mispresenting patients' medical conditions to Medicare. No. 8:19-CV-01236-KKM-SPF, 2024 WL 4349242, at *7 (M.D. Fla. Sept. 30, 2024). The defendant filed a motion for judgment on the pleadings and argued that the FCA's *qui tam* provisions violated the Appointment Clause. The court ultimately agreed, granted the defendant's motion for judgment on the pleadings, and dismissed the *qui tam* action. In its analysis, the court dissected the "significant authority" test as outlined in *Buckley*. The district court in *Zafirov* cited various Supreme Court precedent[2] in finding that relators hold core executive power that is of "significant authority" because they initiate actions for "daunting monetary penalties against private parties on behalf of

---

[2] *See, e.g., Texas*, 599 U.S. at 678, 143 S.Ct. 1964; *Seila Law*, 591 U.S. at 219, 140 S.Ct. 2183; *Nixon*, 418 U.S. at 693, 94 S.Ct. 3090; *Stevens*, 529 U.S. at 784, 120 S.Ct. 1858; *Buckley*, 424 U.S. at 139, 96 S.Ct. 612.

the United States", "decide how to prioritize and how aggressively to pursue legal actions against defendants who violate the law", and "perform[] a traditional, exclusive function of the government" (cleaned up, internal citations omitted). *Id*. at *8.

Just as in *Zafirov*, the Relators here have "enjoy[ed] unfettered freedom to prosecute the action as [they] determine best." *Id.* at *11. Relators chose what alleged violations to pursue, have amended their complaint and engaged in motion practice, and allege the United States is entitled to substantial monetary damages, which they will receive a portion of if successful [Doc. 13 at 22, ¶90], all without the government's involvement. Relators have specifically requested an award of treble damages for each alleged false claim submitted, the maximum civil penalty, and, of course, that Relators be awarded the maximum share allowed under the FCA and GFMCA or 30 percent of the government's share. [*Id.* at 23, ¶¶a-c], *see also* 18 U.S.C. §3730 (d)(2). Relators exercise significant authority pursuant to the laws of the United States and satisfy the first prong for being considered "Officer[s] of the United States" under the Appointments Clause.

### b. FCA Relators occupy a continuing position established by law.

FCA Relators exercise statutory duties that are neither incidental nor momentary. The Supreme Court has held that an individual authorized to investigate and prosecute on behalf of the United States, even for a single matter, is an "Officer

of the United States". *Morrison v. Olson*, 487 U.S. 654 (1988). Because FCA relators—including the ones in this case—exercise significant authority and occupy a continuing position, their self-appointment is in violation of the Appointments Clause.

The Supreme Court considers "the ideas of tenure, duration, emolument, and duties" in determining if a position is continuing. *United States v. Germaine*, 99 U.S. 508, 511 (1878). The FCA specifies a relator's duties and emolument. Pursuant to the FCA, a relator can bring an action in the name of the United States and is awarded no less than 15 percent of the proceeds from the action. *See generally* 31 U.S.C. § 3730. Importantly, the "office of relator exists whether a person is appointed to that office or not, making that office continuous and permanent." *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, No. 8:19-CV-01236-KKM-SPF, 2024 WL 4349242, at *11 (M.D. Fla. Sept. 30, 2024). In addition to reliance on previous Supreme Court decisions, the *Zafirov* court highlighted Eleventh Circuit support that an FCA relator occupies a continuing position established by law. Specifically, the Eleventh Circuit has held that because an FCA relator may be substituted, the position is not particular to the person filling it, and an FCA relator may assign her interest in the action. *Ruckh v. Salus Rehabilitation, LLC*, 963 F.3d 1089, 1102 (11th Cir. 2020).

Even if this were not the case—and the relator position is found to end at the

conclusion of each matter—the Supreme Court has held that pursuing a single task does not preclude a person from being considered an "Officer of the United States" for purposes of the Appointments Clause. *Morrison*, 487 U.S. at 671 n.12. In *Morrison*, while the Supreme Court spent the bulk of its analysis on whether independent counsel was an inferior officer, the court was clear that the fact that counsel was "appointed essentially to accomplish a single task, and when that task is over the office is terminated" did not negate that counsel was a general "Officer of the United States." *Id.* at 655.

Accordingly, an FCA relator's statutory duties are not "occasional or temporary [but] continuing and permanent". *Lucia*, 585 U.S. at 245 (internal quotations omitted). And because the Relators' exercise significant authority pursuant to the laws of the United States and occupy a continuing position establish by law, their self-appointment is unconstitutional.

### c. Dismissal is the only remedy.

As outlined above, FCA relators hold continuing positions and exercise significant authority under the *qui tam* provisions of the FCA, which is inconsistent with Article II. The Relators will no longer have the power to litigate this matter if the Court finds that the *qui tam* provisions of the FCA are unconstitutional. And the State of Georgia, along with the U.S. Government, has already declined to intervene. Accordingly, the only proper remedy is invalidation or a complete dismissal. *United*

*States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, No. 8:19-CV-01236-KKM-SPF, 2024 WL 4349242, at *19 (M.D. Fla. Sept. 30, 2024).

The *Zafirov* Court analyzed the proper remedy after finding the *qui tam* provisions of the FCA unconstitutional. Through reviewing prior Supreme Court decisions, the court in *Zafirov* explained that "[w]hen a litigant's challenge involve[s] a Government actor's exercise of power that the actor did not lawfully possess, such as when an official is improperly appointed, the remedy is to set aside ultra vires actions." *Id*. And "in Appointments Clause cases, invalidation is the remedy, which follows directly from the government actor's lack of authority to take the challenged action in the first place." *Id*. (cleaned up, internal quotations omitted). Furthermore, there is no way for an FCA relator to obtain authority to prosecute on behalf on the government outside of a congressional amendment. *Id*. Similarly, partial assignment is not proper. *Id*. Because this matter would never have been initiated without the FCA Relators' unconstitutional self-appointment, it should be dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings and dismiss Relators' complaint.

Respectfully submitted, this 13th day of January 2025.

*[signatures on following page]*

*/s/ Brittany M. Cambre*
Brittany M. Cambre (GA 350793)
Scott R. Grubman (GA 317011)
Rachel N. Lugay (GA 429289)

CHILIVIS GRUBMAN
1834 Independence Square
Atlanta, Georgia 30338
(404) 233-4171 (main)
(404) 261-2842 (fax)
bcambre@cglawfirm.com
sgrubman@cglawfirm.com
rlugay@cglawfirm.com
*Attorneys for Defendants*
*Health Associates of Georgia, Inc. d/b/a*
*Bethlehem Family Healthcare and*
*Maria Clarissa Lorete Visitacion, M.D.*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Motion has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C), specifically, Times New Roman, 14 point.

*/s/ Brittany M. Cambre*
Brittany M. Cambre

# **CERTIFICATE OF SERVICE**

I certify that on this date, I electronically served the foregoing Defendants' Motion for Judgment on the Pleadings using the CM/ECF system which automatically sends e-mail notification of such filing to all attorneys of record.

Date: February 13, 2025

*/s/ Brittany M. Cambre*
Brittany M. Cambre (GA Bar 350793)

CHILIVIS GRUBMAN
1834 Independence Square
Atlanta, Georgia 30338
Telephone: 404-233-4171
bcambre@cglawfirm.com