**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| ex rel. SMITH DE VERA PULIDO | ) | |
| and JENNIFER GAMBLE, | ) | |
| | ) | |
| STATE OF GEORGIA | ) | |
| ex rel. SMITH DE VERA PULIDO | ) | |
| and JENNIFER GAMBLE, | ) | |
| | ) | |
| Plaintiff-Relators, | ) | Case No. 2:21-cv-186-SCJ |
| | ) | |
| v. | ) | |
| | ) | |
| HEALTH ASSOCIATES OF GEORGIA, | ) | |
| INC. D/B/A BETHLEHEM FAMILY | ) | |
| HEALTHCARE; and MARIA CLARISSA | ) | |
| LORETE VISITACION, | ) | |
| | ) | |
| Defendants. | ) | |

## RELATOR'S MOTION FOR CLARIFICATION OR, IN THE ALTERNATIVE, TO RECONSIDER ITS ORDER OF APRIL 10, 2025

On April 10, 2025, Defendants filed what appeared to be an innocuous motion to extend fact discovery. Doc. 61. They simply noted that it was taking longer than the discovery period to produce the patient records that are at the heart of this matter. Considering the non-controversial content of the motion, the Court understandably signed the generic proposed order without waiting for a response from Relators. Doc. 62.

Relators seek an order clarifying the Order or, in the alternative, reconsidering the Order because Defendants withheld from the Court the true intent of their request – a bailout after having failed to conduct any discovery whatsoever during the preceding eight-month period.

A. *After Failing to Conduct any Affirmative Discovery over Eight Months, Defendants Used the Ruse of Production Scheduling to Request an Extension of Fact Discovery*

On September 11, 2024, the Court assigned this matter to an eight-month discovery track, with fact discovery set to close on April 10, 2025. Doc. 39. For nearly that entire eight months, Defendants did not serve even a single discovery request upon Relators or notice any depositions. Within the last 48 hours, Defendants propounded 25 Requests for Production of Documents, 47 Interrogatories, 36 Requests for Admission, and 2 Deposition Notices. Doc. 63. They also issued 2 subpoenas requesting documents from non-parties. *Id.* But for an extension of fact discovery, all of these requests would be untimely. *See Knox v. Kadenzo Enter., Inc.,* No. 1:20-cv-04948-SCJ, 2022 U.S. Dist. LEXIS 254075, at *5 (N.D. Ga. Mar. 8, 2022) (listing cases finding that discovery requests are untimely if production deadlines fall after discovery ends).

"To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013)

(citing *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008)); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."). An even narrower standard exists in the Local rules and this Court's Instructions.

LR 26.2(B) ("Motions requesting extensions of time for discovery… will be granted only in exceptional cases where the circumstances on which the request is based did not exist or the attorney or attorneys could not have anticipated that such circumstances would arise at the time the Joint Preliminary Report and Discovery Plan was filed."); Court Instructions ("Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought.").

No exceptional circumstances arose in this case. Defendants simply failed to engage in discovery for eight entire months. On the very last day, they requested that the Court bail them out, but they did so under the false pretense of needing that time to complete production to Relators.

Under similar facts, in *Benjamin v. Thomas*, Judge Duffey declined to extend discovery "on the day discovery ends" where the requesting party "failed to engage in any meaningful discovery during the four-month

discovery period," including failing to depose the opposing party. No. 1:16-cv-1632-WSD, 2017 U.S. Dist. LEXIS 225304, at *3 (N.D. Ga. Apr. 13, 2017); *see also Hull v. Aga*, No. 2:22-CV-00019-SCJ, 2022 U.S. Dist. LEXIS 250203, at *3 (N.D. Ga. Nov. 15, 2022) ("Defendants' failure to make any effort to schedule this deposition in the month prior to the discovery deadline does not exhibit diligence for good cause to reopen or extend discovery.").

For this reason, Relators request the Court to clarify its Order extending Fact Discovery. Defendants sought an extension "to produce the remaining records in timely fashion," espousing their diligence in production efforts thus far. Doc. 61. The Court should grant an extension for exactly that purpose: to enable Parties and non-Parties to respond to requests that were timely pending at the conclusion of discovery. The Court should not grant an extension to permit Defendants a second chance at conducting discovery after they failed to do so for eight months and then obfuscated their true intent for an extension.

## B. Defendants' Basis for Good Cause is Fictional and Irrelevant

Insofar as Defendants' "diligence" and personnel issues established the good cause for the extension, Relators dispute a number of the statements made in the Motion.

Defendants were served with Relators' Requests for Production of Documents on October 25, 2024. Relators requested records from June 2016

to present. Defendants did not start producing patient records until February 19, 2025. To date, Defendants have produced patient records from just 480 days. These records supposedly represent the universe of relevant records from June 2016 through 2019,[1] but there are large gaps and, upon information and belief, many missing records from even those periods. For example, despite employing a full-time physician assistant, every patient visit from July 12, 2017 through November 8, 2017 was on Dr. Visitacion's schedule and so no records were produced from that four-month period.

Relators have repeatedly advised Defendants that the daily provider schedules do not accurately reflect which provider saw the patients. Relators advised Defendants of this fact on January 22, 2025—prior to even a single medical record being produced:

> We did not discuss how [patient records] would be reviewed and culled, but looking back at my notes after our call, we have reason to believe that the schedules do not necessarily line up with the provider who saw a patient. For example, just because a clinic schedule says Dr. V will see Patient A on 1/22/2025 at 1:00 does not mean Dr. V actually conducted the visit or was present in the building. Accordingly, we are generally agreeable to this limitation [of not producing patient records for visits conducted by Dr. Visitacion] as long as the record has been reviewed and it is confirmed from the patient notes that Dr. V performed the

---

[1] 2019 records were just produced on April 11, 2025. If this is the result of a diligent production, after 8 months of discovery, then it is unclear how Defendants intend to produce records from 2020-2024 in the next two months. Regardless of the outcome of this motion, Relators anticipate that a discovery conference with the court will be necessary to ensure that they receive a complete production in a timely manner.

visit. Let me know if that is an issue that we need to discuss
further.

Defendants did not reach out to discuss it further and did not inform Relators

that they were not actually reviewing the patient records to see who had

prepared them until a good faith conferral call on April 2, 2025, conducted

because Relators could not understand why the limited production was

missing entire months' worth of relevant records.[2]

    In the Motion, Defendants inaccurately framed this review process as

having been "agreed upon." Doc. 61, ¶ 4. In fact, Relators objected to it

prophylactically prior to the start of production. Moreover, at the current rate

of production, Defendants appear unlikely to complete production within the

extended timeframe.

    Regardless, at the very least, Defendants' failures to produce patient

records in a timely fashion should not be the basis for extending fact

---

[2] Relators agreed that Defendants did not have to produce records from times
when the Defendants did not employ midlevel providers. Defendants initially
explained the gaps in the records as being from these periods where Dr.
Visitacion was the sole provider. Despite it being one of Relators' initial
requests, Defendants did not provide a list of former employees and their
dates of employment until March 4, 2025, and so it was only in the last
month that Relators were able to recognize this issue, one that Defendants
should have identified contemporaneous with their review and production.
This was also why Relators had initially jointly requested an extension in
discovery, to try to understand why so many fewer records were being
produced than expected, not knowing at the time that Defendants had
employed a process known to yield deficient results.

discovery so that Defendants can engage in affirmative discovery of their own.

### C. Reconsideration would Correct a Clear Error Based on Limited Facts and Prevent Manifest Injustice.

Relators suggest that an Order clarifying the Court's earlier Order—which was broadly written by the Defendants—would adequately address the issue before the Court. Such order should state the relief that was actually sought—an extension to complete the Defendants' productions and any other outstanding requests[3]—and not be broadly stated so as to allow Defendants to propound new discovery and cover up their lack of diligence.

If the Court alternatively evaluates Relators' request under the framework of a motion to reconsider, reconsideration under Fed. R. Civ. P. 59(e) is within the "sound discretion" of the court. *Castang v. Jeong-Eun Kim*, No. 1:22-CV-05136-SCJ, 2024 U.S. Dist. LEXIS 123357, at *2 (N.D. Ga. June 5, 2024) (quoting *In re Wright Med. Tech. Inc., Conserve Hip Implant Prod. Liab. Litig.*, 178 F. Supp. 3d 1321, 1335 (N.D. Ga. 2016), *aff'd in part sub nom. Christiansen v. Wright Med. Tech., Inc.*, 851 F.3d 1203 (11th Cir. 2017) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assocs.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985))). A motion to reconsider can be granted if there has

---

[3] For example, Relators have weeks ago requested claims data from the government and are in the process of formalizing those requests.

been "an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Id.* (quoting *In re Wright*, 178 F. Supp. 3d at 1335) (quoting *United States v. Battle*, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003)).

Defendants' Motion did not give the Court a complete picture of where this case stands in discovery. Relators abided by the existing scheduling order, ensuring that all discovery requests were timely submitted prior to the deadlines and making every effort to confer in good faith about Defendants' late and defective productions. When presented with Defendants' many explanations as to the slow productions, Relators have been as understanding as possible, allowing long delays and narrowing their requests well beyond that required by the federal rules of civil litigation.

It would be a manifest injustice to permit Defendants to eschew their responsibilities throughout discovery—both when conducting affirmative discovery and responding to Relators' requests—and then grant them an extension to correct their indolence.

Second, Relators have been relying upon the scheduling order to give them the time needed to review the patient records and prepare for summary judgment and trial. As it stands, Relators may not receive the bulk of the records until the eve of summary judgment (if by then). Moreover, they are

now burdened with 108 discovery requests, any and all of which should have been propounded in time to have received responses by April 10, 2025.

Lastly, a manifest injustice exists because the Defendants disingenuously based their motion on completing a long-awaited and necessary production, when it was actually seeking to conduct discovery of its own. Defendants' lack of candor should not be rewarded.

## D. Conclusion

Very simply, there is no good cause for extending fact discovery for Defendants, but there are very good reasons for requiring them to abide by the Court's scheduling order. The Court should Order Defendants to complete their production in a timely manner—including correcting their earlier failure to review the patient records to determine which provider actually treated each patient—but grant them no additional latitude to propound new discovery that could have been served during the original eight-month discovery track.

A proposed order is attached.

DATED this 14th day of April, 2025.[4]

/s/ Jason Marcus
Julie Bracker
Georgia Bar No. 073803

---

[4] Pursuant to Local Rules 7(d)(1) and 5.1(B), counsel certifies this filing was prepared using double-spaced Century Schoolbook 13-point font with no more than 10 characters per inch.

Jason Marcus
Georgia Bar No. 949698
**Bracker & Marcus LLC**
3355 Lenox Road, Suite 660
Atlanta, GA 30326
Telephone: (770) 988-5035
Facsimile: (678) 648-5544
Julie@fcacounsel.com
Jason@fcacounsel.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this pleading was electronically filed this 14th day of April, 2025 with the Clerk of Court using the CM/ECF system and provided to all attorneys of record.

<u>/s/ Jason Marcus</u>
Jason Marcus